UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 18- |
| v. | : | |
| JOHN BARDEN | : | 18 U.S.C. § 641 |

**INFORMATION**

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

At all times relevant to this Information, unless otherwise noted:

1. The United States Social Security Administration ("SSA") was an agency of the executive branch of the United States. The SSA, among other things, maintained the Retirement, Survivors, and Disability Insurance ("RSDI") program under Title II of the Social Security Act, Title 42, United States Code, Section 401 et seq., for eligible individuals. The RSDI program paid out benefits to certain eligible individuals ("SSA Benefits").

2. F.P. was born in 1924 and began collecting Title II Survivor Benefits upon the death of her husband in 1985. F.P. died on or about November 2, 2004. At the time of her death, F.P's monthly SSA benefit amount was $1,029.00.

3. Defendant, JOHN BARDEN ("BARDEN") was F.P.'s grandson and a resident of Newark, New Jersey.

1

4. F.P.'s benefits were paid by direct deposit into a Wells Fargo Bank savings account ending in 4324 (The Wells Fargo account") for which BARDEN and his mother, B.F., were co-signors. B.F. died in August 2011, and, thereafter, BARDEN was the only living signor on the Wells Fargo account.

5. Neither BARDEN nor B.F. notified the SSA of F.P.'s death. After F.P.'s death, neither BARDEN nor any other individual was entitled to receive Title II Benefits on F.P.'s behalf. Because the SSA was not aware of F.P.'s death, between December 2005 and November 2015 the SSA continued to make monthly payments of Title II Program benefits into the Wells Fargo account for the benefit of F.P. At the time benefits were suspended in 2015, the SSA was paying $1,232 per month into the Wells Fargo account. The SSA paid a total of $155,661.10 in unauthorized benefits after F.P.'s death in November 2004.

6. When the SSA discovered that F.P. was deceased, there was a balance of $14,416.59 remaining in the Wells Fargo account. BARDEN and, prior to her death, B.F., spent the remaining funds on personal expenses. BARDEN accessed the funds in the Wells Fargo account primarily by way of cash withdrawals from the account at a Wells Fargo branch in Newark, New Jersey.

From in or about December 2004 through in or about November 2015, in Essex County, in the District of New Jersey and elsewhere, defendant

JOHN BARDEN

did knowingly and willfully embezzle, steal, purloin, and convert to his own use money of the United States and the SSA, that is, $96,000, to which he was not entitled.

In violation of Title 18, United States Code, Section 641.

## FORFEITURE ALLEGATION

1.  The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 28, United States Code, Section 2461(c).

2.  The United States hereby gives notice to the defendant that, upon conviction of the offense charged in this Information, the government will seek forfeiture, in accordance with Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Section 641, alleged in this Information, including but not limited to a sum of money equal to at least $96,000 in United States currency.

3.  If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty, the United States of America will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

*Craig Carpenito*

CRAIG CARPENITO
United States Attorney

**CASE NUMBER: 18-**

**United States District Court
District of New Jersey**

**UNITED STATES OF AMERICA**

v.

**JOHN BARDEN**

**INFORMATION FOR**

**18 U.S.C. § 641**

**CRAIG CARPENITO**
*U.S. ATTORNEY, NEWARK, NEW JERSEY*

**MERIAH H. RUSSELL**
*Special Assistant U.S. Attorney
Trenton, New Jersey
(609) 989-0562*