

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

CRAIG CARPENITO
*United States Attorney*

Clarkson S. Fisher Federal Building
U.S. Courthouse
402 East State Street, Room 430
Trenton, New Jersey 08608

609-989-0562

June 21, 2018

Robert DeGroot, Esq.
56 Park Place
Newark, NJ 07102

Re:  Plea Agreement with JOHN BARDEN

Dear Mr. DeGroot:

This letter sets forth the plea agreement between your client, JOHN BARDEN, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on July 7, 2018 if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from JOHN BARDEN to a one-count Information that charges JOHN BARDEN with theft of $96,000 in Social Security Administration Benefits ("SSA Benefits"), from November 2004 through November 2015, inclusive, in violation of 18 U.S.C. § 641. If JOHN BARDEN enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against JOHN BARDEN for theft of $141,244 in SSA Benefits to which he was not entitled from November 2004 through November 2015, inclusive, provided that JOHN BARDEN admits under oath at the time of his guilty plea to taking SSA Benefits to which he was not entitled from November 2004 through November 2015, inclusive, in violation of 18 U.S.C. § 641, and further provided that these additional crimes are taken into account as relevant conduct by the Court at the time of sentencing, pursuant to United States Sentencing Guideline § 1B1.3. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, JOHN BARDEN agrees that any dismissed charges and any other charges that are not

06/28/2018  15:16    9736437231              DEGROOT                     PAGE   04/11

time-barred by the applicable statute of limitations on the date this agreement is signed by JOHN BARDEN may be commenced against him, notwithstanding the expiration of the limitations period after JOHN BARDEN signs the agreement.

### Sentencing

The violation of 18 U.S.C. § 641 to which JOHN BARDEN agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon JOHN BARDEN is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence JOHN BARDEN ultimately will receive.

Further, in addition to imposing any other penalty on JOHN BARDEN, the sentencing judge: (1) will order JOHN BARDEN to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order JOHN BARDEN to give notice to any victims of his offense, pursuant to 18 U.S.C. § 3555; (3) must order JOHN BARDEN to pay restitution in the amount of $96,000 pursuant to 18 U.S.C. § 3663A et seq.; (4) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require JOHN BARDEN to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should JOHN BARDEN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, JOHN BARDEN may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on JOHN BARDEN by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of JOHN BARDEN's activities and relevant conduct with respect to this case.

### Stipulations

This Office and JOHN BARDEN agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or JOHN BARDEN from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and JOHN BARDEN waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

JOHN BARDEN agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, JOHN BARDEN will consent to the entry of a forfeiture money judgment in the amount of $96,000 in United States currency (the "Forfeiture Money Judgment"). JOHN BARDEN acknowledges that $96,000 is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 641, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C).

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date he enters his plea of guilty pursuant to this agreement, JOHN BARDEN shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date JOHN BARDEN enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if JOHN BARDEN fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, JOHN BARDEN consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full. JOHN BARDEN further agrees to fully cooperate with the Office in establishing a payment plan, surrendering assets, or in any other action taken by the Office to satisfy the Forfeiture Money Judgment.

JOHN BARDEN agrees to fully disclose all of his assets to the United States on a Financial Disclosure Statement to be provided by this Office and agrees to provide the Financial Disclosure Statement by the date that a draft presentence report is circulated in this matter. JOHN BARDEN agrees that if the government determines that he has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, JOHN BARDEN consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an

- 4 -

interest be discovered. JOHN BARDEN knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. JOHN BARDEN further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

JOHN BARDEN agrees to consent to the immediate entry of orders of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. JOHN BARDEN understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

JOHN BARDEN hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

### Immigration Consequences

JOHN BARDEN understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. JOHN BARDEN understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. JOHN BARDEN wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. JOHN BARDEN understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, JOHN BARDEN waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

- 5 -

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against JOHN BARDEN. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against JOHN BARDEN.

No provision of this agreement shall preclude JOHN BARDEN from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that JOHN BARDEN received constitutionally ineffective assistance of counsel.

### No Other Promises

This agreement constitutes the plea agreement between JOHN BARDEN and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: MERIAN RUSSELL
Special Assistant U.S. Attorney

APPROVED:

FABIANA PIERRE-LOUIS
Attorney-in-Charge
Trenton Branch

- 6 -

I have received this letter from my attorney, Robert DeGroot, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____           Date: 06/28/2018
JOHN HARDEN

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____           Date: 6/28/18
Robert DeGroot, Esq.

- 7 -

## Plea Agreement With JOHN BARDEN

### Schedule A

1. This Office and JOHN BARDEN recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and JOHN BARDEN nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Barden within the guideline range that results from the total Guidelines offense level set forth below. This Office and Barden further agree that neither party will argue imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case. The applicable guideline is U.S.S.G. § 2B1.1.

3. This guideline carries a Base Offense Level of 6. U.S.S.G. § 2B1.1(a)(2).

4. The offense involved a loss of more than $95,000. The offense level is therefore increased by 8 levels. U.S.S.G. § 2B1.1(b)(1)(F).

5. As of the date of this letter, it is expected that JOHN BARDEN will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and JOHN BARDEN's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to JOHN BARDEN is 12 (the "agreed total Guidelines offense level").

7. The parties agree not to seek or argue for any upward or downward departure or adjustment not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

8. JOHN BARDEN knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including, but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the

- 8 -

sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 12. The defendant also agrees to waive any statute of limitations issues that may be associated with the amount of restitution. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 12. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

I have received this letter from my attorney, Robert DeGroot, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____       Date: 06/28/2018
JOHN BARDEN

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____       Date:
Robert DeGroot, Esq.

- 7 -